MICHAEL FOLEY *v.* JAMES GOUGH, impleaded with another.

Where the claim does not exceed $100, the district courts have jurisdiction, in
proceedings under the mechanics' lien law, to whatever sum the accounts
between the parties may amount.

The fact that work, for which a lien is claimed, was not performed within the
period prescribed by the written contract, will not bar the claimant from
the benefits of the statute, where the delay was caused or consented to by
the owner.

The provision in the amendatory law of 1855, requiring the verification of a
notice of lien, did not affect proceedings instituted prior to the passage of that
act.

A covenant in a building contract was to the effect that if for any cause the
contractor failed to finish the building; the owner, upon a notice of fifteen
days, might employ another person, and pay the latter out of any money due
the contractor. *Held,* that by fair interpretation, the owner was to deduct
whatever should be necessary to complete the contract, out of the moneys
remaining unpaid on the contract, and that by failing to complete, the con-
tractor forfeited only so much as the owner might be obliged to pay to secure
the completion by other persons.

GENERAL TERM, MARCH, 1856.
Before INGRAHAM, FIRST J. ; and DALY and BRADY, JJ.

THE defendant, Gough, being the owner of a lot of land in
the city of New York, entered into an agreement with the
defendant, Alger, a mason, for the erection of a building.
The contract stipulated for the completion of the work at a
certain time.   The following provision was added :

" In case the builder is prevented, for any cause whatever,
from proceeding with the work, the owner is authorized, after
fifteen days' notice, to employ any other builder to complete
the work, by contract or otherwise, to be paid out of the sum
then due to the contractor ; and the sum or sums previously
advanced to the contractor are to be considered the full
amount and value of all claims for work done and materials
delivered, and in full for all cartage, freight, labor, tools, ser-
vices, and all expenses incident to the execution of this con-

tract, the owner not to be answerable for any loss or damage of materials or injury done to the building during the execution of this work, the engagement with the contractor being to deliver to the owner the building finished in a complete manner."

The contract price was payable in installments as the work should progress.

Alger proceeded, and received all the installments except the last. The building was advanced to its completion, excepting certain work. This, the owner alleged, was omitted by the contractor's willful default; while the latter averred that he was prevented from its performance by the act and interference of the owner, and that in respect of delay in the work, such delay had been sanctioned by the owner.

In pursuance of an agreement with Alger, and in conformity with the latter's contract with the owner, the plaintiff furnished bricks to the building of the value of sixty dollars. To recover for these materials, the plaintiff, in the Sixth District Court, prosecuted this action, under the provisions of the mechanics' lien law of 1851, making the owner and the original contractor parties defendant.

The correctness of the plaintiff's bill was not disputed; but the owner, Gough, denied that at the time the lien was filed, any thing was due, or had subsequently become due from him to the contractor. It was admitted that $700, the amount of the last installment mentioned in the contract, were unpaid. Alger alleged that of that sum $680 had been earned, and was justly payable in accordance with the terms of the contract; that $20 had been paid by the owner to other masons to complete the building; but that, even conceding to the owner the right to deduct said $20, the deduction was far more than balanced by the value of extra work performed by the direction of the owner.

It was claimed, on the part of the owner, that Alger had wholly forfeited the $700 by his failure to complete; and various claims, amounting to $1,200, were set up in opposition to the allegation of indebtedness made by the contractor.

The court below gave judgment for the claimant. The owner appealed to this court. In addition to objections founded upon the facts and allegations above stated, the appellant insisted—1st. That the original notice of lien should be held invalid for the want of verification; and 2d. That as the disputed accounts between the owner and contractor exceeded $400, the District Court had no jurisdiction of this proceeding. (See § 54, sub. 4, of the Code of Procedure; but see, also, § 4 of the statute of 1851, chap. 513.)

*Edwin R. Bogardus*, for the appellant.

*William R. Stafford*, for the respondent.

By the Court. Ingraham, First J.—The objection taken to the jurisdiction of the court below is not well founded. The lien law allows actions to enforce a lien to be brought before a justice, where the amount claimed does not exceed $100.

We think this provision controls the other provision referred to in the act limiting the jurisdiction of the court where the accounts between the parties exceed $400; and in actions brought under this act the only question as to jurisdiction is, whether the amount claimed exceeded $100. As the plaintiff's claim here was only $63, the jurisdiction of the court below cannot be disputed.

The inquiry as to the amount of indebtedness was a question of fact for the court below. The evidence was insufficient to warrant the finding of the court.

The defendant prevented the completion of the contract, and his acts previously were such as to justify the inference that he had assented to the extension of the time for completing the work.

No affidavit or verification to the notice creating the lien was required, when that notice was filed. The law was not in force until after the filing.

The judgment was not irregular for any delay in rendering judgment. The justice's return shows that witnesses were ex-

amined on the 9th July, and the judgment was rendered on the 13th July.

The objection that the contractor never finished the contract, is also unavailing. The contract contained a provision that if the contractor was, from any cause whatever, prevented from finishing the building, the owner, on fifteen days' notice, might employ another to finish it, and pay therefor out of any money due to the contractor. The fair interpretation of this stipulation is, that the owner was to deduct whatever was required to finish the contract out of the moneys remaining unpaid on the contract; and by failing to complete, the contractor forfeited only so much as the owner might be obliged to pay another mason to finish the buildings.

There is no ground for interfering with the judgment.

Judgment affirmed.